UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:13-cv-5668-SVW-PJWx | Date | November 5, 2013 |
|---|---|---|---|
| Title | REO Partners LLC v. Yong Eun Kang | | |

JS - 6

| Present: The Honorable | STEPHEN V. WILSON, U.S. DISTRICT JUDGE |
|---|---|

| Paul M. Cruz | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:**   IN CHAMBERS ORDER REMANDING CASE TO STATE COURT

Plaintiff REO Partners, LLC filed an unlawful detainer action against defendant Yong Eun Kang in the Los Angeles County Superior Court on May 22, 2013.  Defendant filed an answer on July 2, 2013.  On August 6, 2013, defendant removed the case here, alleging federal jurisdiction under 28 U.S.C. § 1443(1).

28 U.S.C. § 1441 governs removal jurisdiction.  There is a "strong presumption" against it.  *Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992).  In seeking removal, defendant bears the burden of establishing jurisdiction.  *Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir. 1986).

28 U.S.C. § 1443 "gives a right of removal to certain petitioners who claim federally secured rights as a defense to a state prosecution."  *California v. Sandoval*, 434 F.2d 635, 636 (9th Cir. 1971).  A petition for removal under § 1443(1) must satisfy the two-part test articulated by the Supreme Court in *Georgia v. Rachel*, 384 U.S. 780 (1966).  *Patel v. Del Taco, Inc.*, 446 F.3d 996, 999 (9th Cir. 2006).  "First, the petitioners must assert, as a defense to the prosecution, rights that are given to them by explicit statutory enactment protecting equal racial civil rights."  *Sandoval*, 434 F.2d at 636.  "Second, petitioners must assert that the state courts will not enforce that right, and that allegation must be supported by reference to a state statute or a constitutional provision that purports to command the state courts to ignore the federal rights."  *Id.*

Defendant contends that removal is proper because the state courts "have and enforce rules which are oppressive to economically disadvantaged defendants, as well as discriminatory to pro se litigants and accordingly do not equally respect or evenly enforce private rights to due process of law . . . ."  (Notice of Removal at 2.)  In support of this contention, defendant provides a long list of

| | : | |
|---|---|---|
| | Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:13-cv-5668-SVW-PJWx | Date | November 5, 2013 |
|---|---|---|---|
| Title | REO Partners LLC v. Yong Eun Kang | | |

JS - 6

conclusory complaints about how the state courts handle eviction proceedings. (*See id.* at 2, 6-8.) Defendant acknowledges that "previous jurisprudence on 28 U.S.C. § 1443(1) has limited this powerful statute to cases involving racial discrimination," but urges the Court to disregard these precedents. (*Id.* at 9-10.) This Court has no authority to ignore decisions of the Court of Appeals for the Ninth Circuit. That court has plainly held that when "it is clear that the rights that [defendants] assert spring, not from specific statutory grants, but from the broad protections of the [United States Constitution,] . . . [s]uch rights are not within the coverage of section 1443." *Sandoval*, 434 F.2d at 636. Here, defendant claims that the state courts will violate her rights under 42 U.S.C. §§ 1981, 1982, and 1983, the First, Fifth, Seventh, Ninth, and Fourteenth Amendments to the United States Constitution, and the Magna Carta. (Notice of Removal at 1-2.) None of these provide a basis for removal under 28 U.S.C. § 1443(1). Defendant has identified no California law directing the state courts not to enforce her federal civil rights. *See Patel*, 446 F.3d at 999.

The Court lacks jurisdiction over the subject matter of this case. The Clerk shall REMAND the case to the Los Angeles County Superior Court.

| | : | |
|---|---|---|
| | Initials of Preparer | PMC |